# THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

SYSTINET CORPORATION,

    Plaintiff,

v.

JOHN DOE a/k/a "Tim Molson," "Mark Reese," "Ted Park," "Steve Open," "Smile Everywhere," and "judijale,"

    Defendants.

Civil Action No.

04-12663 GAO

MAGISTRATE JUDGE MBD

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 12/20/04

## COMPLAINT

Plaintiff, Systinet Corporation ("Systinet," or the "Plaintiff"), by its undersigned counsel, alleges upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. This is an action for defamation and tortious interference with prospective business advantage.

2. Defendant John Doe defamed and intentionally caused harm to Plaintiff by Defendant's campaign to disseminate false and malicious allegations concerning Systinet by email to Systinet's customers and business associates and on a public internet web site that damaged, and continues to damage, Systinet's reputation and business relationships.

## THE PARTIES

3. Plaintiff Systinet Corporation is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at Five Cambridge Center, 8th Floor, Cambridge, Massachusetts 02142.

4. Defendant John Doe ("John Doe" or the "Defendant") is an unidentified individual who, using multiple aliases, screen names and email addresses, has sent defamatory emails to Systinet's customers and business associates and posted defamatory messages on an internet message board containing false and malicious allegations against Systinet. Defendant's true identity and citizenship is currently unknown, but upon information and belief, he resides in either the State of New Mexico or State of Washington. By his defamation and intentional interference with Systinet's business relationships, Defendant has caused tortious injury in Massachusetts.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S:C. § 1391(a) and (c).

## FACTS

7. Systinet is a supplier of software products and services designed around the principles of Web services standards and service-oriented architecture.

8. Systinet partners with business associates to enhance existing products and services and to develop new services and products for their customers. These business associates include: (1) commercial software and hardware vendors, who incorporate Systinet's products with their applications and services, and sell the combined product to their customers; (2) software

2

developers, who develop applications that interface with Systinet's products and enhance and extend the capabilities for joint customers; and (3) business and technical consultants, who deliver comprehensive solutions to customers, by combining consulting services, training, custom code, and implementations of packaged software products.

9. On its web site, Systinet maintains a resource for its customers and business associates where they are able to download software products and tutorials on how to use such products, and post questions, answers, advice and similar information regarding Systinet's products.

10. Defendant has contacted Systinet's customers and business associates through email using several different aliases, including "Ted Park", "Steve Open", "Tim Molson", "Mark Reese," and "Smile Everywhere." In his emails, Defendant falsely and maliciously accuses Systinet of manipulating facts and figures posted on Systinet's website, and taking actions to convey false impressions of sustained developer base growth. Defendant also posted a similar message on the publicly accessible "AlwaysOn Network" website under the alias "judijale".

11. In his emails to Systinet's customers and business associates and his public internet posting, Defendant falsely and maliciously accuses Systinet of committing crimes and "deliberating rig[ging] accounting numbers or other growth related statistics to fool customers, investors, and their partners."

12. As a result of Defendant's intentional false and malicious accusations, Systinet has suffered harm to its relationships with its customers and business associates.

13. Defendant also contacted journalists, including Clint Boulton at web based internet trade journal www.internetnews.com, and Colleen deJong, an independent journalist writer, to make these false and malicious accusations against Systinet in an attempt to induce the

3

publication and wider dissemination of such false and malicious statements in articles or to influence the journalists to discontinue writing about Systinet, and thus further harming Systinet.

## COUNT I

### Defamation

14. Systinet repeats and realleges the allegations contained in paragraphs 1 through 13 as though set forth herein in full.

15. Defendant has intentionally, knowingly, and recklessly published false and/or misleading statements concerning Systinet.

16. Defendant has, by these defamatory statements, caused irreparable damage to Plaintiff's reputation and good name in its industry and among Systinet's customers and business associates.

## COUNT II

### Tortious Interference With Prospective Business Advantage

17. Systinet repeats and realleges the allegations contained in paragraphs 1 through 16 as though set forth here in full.

18. As a web based supplier of products and services for web developers, Systinet has business relationships, and has contemplated further business relationships, with consumers of such products and services.

19. Defendant knew that Systinet had such relationships and opportunities that would lead to economic reward for Systinet.

20. Defendant has intentionally and maliciously interfered with Systinet's relationships and opportunities to earn profits from the sale of its products and services by making false or misleading statements concerning Systinet.

21. The purpose and effect of Defendant's dissemination of false and/or misleading statements has been and will continue to be to injure Systinet's existing and prospective business relationships with its customers and business associates, and potential customers and business associates.

22. As a proximate result of Defendant's unlawful interference, Systinet has suffered damages in the form of lost sales, loss of business reputation, lost management time and expense, and increased attorneys' fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Systinet asks that this Court:

A. Award to Systinet damages in an amount to be fixed by the Court in its discretion as just;

B. Award to Systinet its costs, expenses and disbursements in this action, including its attorneys' fees.

C. Grant a preliminary and then a permanent injunction restraining and enjoining Defendant, his agents, servants, employees and attorneys, and those persons in active concert or participation with him, from making any further false or misleading statements regarding Systinet;

D. That the Court grant such further and other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Systinet requests a jury trial on all issues so triable.

Respectfully submitted,

Systinet Corporation
By Its Attorneys

_____
David S. Godkin (BBO# 196530)
Colleen M. Geary (BBO# 652351)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
Telephone (617) 248-7000
Facsimile (617) 248-7100

3156499_2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Systinet Corporation v. John Doe**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    XX   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐    NO ☒

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ☐    NO ☒

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **David S. Godkin**
ADDRESS  **125 High Street, Boston, MA 02110**
TELEPHONE NO.  **617-248-7295**

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Systinet Corporation

**DEFENDANTS**

John Doe a/k/a "Tim Molson," "Mark Reese," "Ted Park," "Steve Open," "Smile Everywhere," and "judijale"

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David S. Godkin 617-248-7295
Colleen M. Geary 617-310-8422
Testa Hurwitz & Thibeault, LLP
125 High St., Boston, MA 02110

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property |  ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity action for Defamation and Tortious Interference with Prospective Business Advantage

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: December 20, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/ Colleen Geary

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____